**Angela FIORENTINO, Appellant**

v.

**BRICKLAYERS & ALLIED CRAFT-WORKERS LOCAL 4 PENSION PLAN and the Board of Trustees of the Bricklayers & Allied Craft Workers Local 4 Pension Plan**

**No. 16-4003**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) May 8, 2017

(Opinion filed: June 6, 2017)

Keith A. Reinfeld, Esq., Fox Rothschild, Morristown, NJ, Brian D. Sullivan, Esq., Fox Rothschild, Roseland, NJ, for Plaintiff-Appellant

Jennifer S. Abrams, Esq., Brian W. Waerig, Esq., Susanin Widman & Brennan, Wayne, PA, Daniel J. Brennan, Esq., Susanin Widman & Brennan, King of Prussia, PA, for Defendant-Appellee

Before: AMBRO, RESTREPO, and NYGAARD, Circuit Judges

## OPINION *

AMBRO, Circuit Judge

This case stems from a dispute between Angela Fiorentino, a clerical employee of

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

the Health Fund of the New Jersey Bricklayers & Allied Craftworkers Union ("BAC"), and the BAC Local 4 Pension Plan (the "Pension Plan" or "Plan") along with the Pension Plan's Board of Trustees (the "Trustees"). After the Trustees established the Pension Plan under a trust agreement,[1] all local BAC union health funds in New Jersey were consolidated into what is now called the Health Fund. The agreement that caused the consolidation was distinct from the Pension Plan's trust agreement, and the Health Fund did not sign the Plan's Trust Agreement. In 1996, the Health Fund hired Gary Mercadante as its administrator. It is undisputed that, by June 2006 at the latest, Mercadante was responsible for administering funds for the Pension Plan.

In 1997, Fiorentino interviewed with Mercadante for a position at the Health Fund, and it subsequently hired her as a clerical office worker. Fiorentino contends Mercadante affirmed that, as an employee of the Health Fund, she would participate in the Pension Plan, the Annuity Fund, and the International Fund. In conflicting testimony, Mercadante states that he informed her at the interview that her compensation package would not include participation in the Pension Plan. It is undisputed that, in approximately 1998, Fiorentino had a "first year review" meeting with Mercadante at which he informed her she would be uncovered by that Plan.

During her employment after 1999, Fiorentino received annual statements confirming the Health Fund's contributions to the Annuity Fund and the International

Fund on her behalf. She did not receive a statement concerning the Pension Plan. It is also undisputed that the Health Fund never submitted remittance forms to the Pension Plan for Fiorentino and that no contributions were ever made by the Health Fund to the Pension Plan on her behalf.

Fiorentino was employed by the Health Fund from sometime in 1997 until she retired in June of 2014. Throughout her employment, she qualified as a "non-bargaining" (non-union) employee and did not pay Union dues. About a month after she retired, Fiorentino, through counsel, requested an application for benefits from the Pension Plan. Just shy of a month later—in August 2014—the Pension Plan denied this request when Mercadante, in his capacity as Pension Plan fund administrator, sent her a letter stating that she was not a Plan participant.

Fiorentino then filed in March 2015 the suit before us. In her two-count complaint, she alleged that she was entitled to pension benefits under 29 U.S.C. § 1132(a)(1)(B) and that defendants had breached their fiduciary duties under ERISA. The Pension Plan and the Trustees filed a motion for summary judgment arguing that Fiorentino was legally incapable of having been a Plan participant and, in the alternative, that the statute of limitations for her claims had run. Fiorentino then filed a cross-motion for summary judgment on the merits of her claim. Since we agree that Fiorentino's ERISA claims are time-barred by the applicable statutes of limitations, we affirm.[2]

---

1. The Pension Plan was a multiemployer plan under Section 3(37) of ERISA (the federal Employee Retirement Income Security Act). 29 U.S.C.A. § 1002(37).

2. The District Court rejected Appellees' alternative theory on summary judgment: that

§ 302 of the Taft Hartley Act, codified at 29 U.S.C. § 186(a)-(c), rendered Fiorentino unable to participate in the Plan because it bars an employer from paying or lending money to employees, representatives, or unions on behalf of employees absent a written agreement detailing the basis for those payments. The

■ In Count I of her complaint, Fiorentino claimed ERISA entitled her to benefits from the Pension Plan. Because there is no federally prescribed statute of limitations for non-fiduciary claims under ERISA § 502, *see* 29 U.S.C. § 1132(a)(*l*)(B), courts apply the "limitations period applicable to the forum state claim most analogous to the ERISA claim at hand." *Romero v. Allstate Corp.*, 404 F.3d 212, 220 (3d Cir. 2005) (citations and internal quotation marks omitted). The six-year statute of limitations applicable to state-contract claims applies to claims for benefits under 29 U.S.C. § 1132(a)(1)(B) in the District of New Jersey. *See Starr v. JCI Data Processing, Inc.*, 767 F.Supp. 633, 638 (D. N.J. 1991).

"[T]he accrual date for federal claims is governed by federal law, irrespective of the source of the limitations period." *Miller v. Fortis Benefits Ins. Co.*, 475 F.3d 516, 520 (3d Cir. 2007). Because there is no controlling federal statute on accrual governing this claim, we apply the federal discovery rule. *Id.* Per this rule, a claim begins to accrue when a plaintiff "discovers, or with due diligence should have dis-covered, the injury that forms the basis for the claim." *Romero*, 404 F.3d at 222. "In the ERISA context, the discovery rule has been 'developed' into the more specific 'clear repudiation' rule whereby a non-fiduciary cause of action accrues when a claim for benefits has been denied." *Miller*, 475 F.3d at 520. The clear repudiation rule does not require formal denial: a claim will qualify as denied where "there has already been a repudiation of the benefits by the fiduciary which was *clear* and made known to the beneficiary.'" *Id.* at 520-21 (emphasis in original); *see also Romero*, 404 F.3d at 220-23.

■ Here we conclude that there was a repudiation that was clear and made known to the beneficiary. This occurs when there is conduct by the fiduciary that is "adverse to the beneficiary." *Miller*, 475 F.3d at 521. An adverse-benefit determination includes "a denial, reduction, or termination of, or a failure to provide or make payment (in whole or in part) for, a benefit." 29 C.F.R. § 2560.503–1(m)(4); *see also Miller*, 475 F.3d at 521. Fiorentino concedes that after Mercadante became a fi-

Court ruled that the Health Fund did not qualify as an employer under § 302's provisions. It reasoned that the overriding congressional intent in enacting the provision was to protect the collective bargaining process from corruption by prohibiting collective-bargaining employers from making payments to the union with whom they bargained. Because the Health Fund did not engage in collective bargaining with the Pension Plan union concerning the Health Fund's employees, it fell outside the statute's reach.

The Court also rejected Fiorentino's claim that the text of the Pension Plan entitled her to benefits as a Plan participant as a matter of law, where neither she nor her employer had signed the agreement.

While the Court's dismissal of these cross-motions for summary judgment left Fiorentino's status as a "participant" unresolved—and she must be a participant to have standing under the statute to sue—it had jurisdiction to proceed to consider the argument that the applicable statutes of limitations barred Fiorentino's claims. *See Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 320 (3d Cir. 2015) (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, —— U.S. ——, 134 S.Ct. 1377, 1388 & n.4, 188 L.Ed.2d 392 (2014)) ("Unlike Article III standing, statutory standing is not jurisdictional. Statutory standing goes to whether Congress has accorded a particular plaintiff the right to sue under a statute, but it does not limit the power of the court to adjudicate the case."). We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's entry of summary judgment, "construing all evidence and resolving all doubts raised by affidavits, depositions, answers to interrogatories, and admissions on file in favor of the non-moving party." *Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 151 (3d Cir. 1999) (internal citations and quotations omitted).

duciary of the Pension Plan, sometime between 2006 and 2007, he informed her that she was not a participant. This representation was adverse to Fiorentino and therefore repudiated her rights under the Plan.

■ Our Court has further anchored the limitations period to a plaintiff's reasonable discovery of actual harm and has required that putative participants and beneficiaries "exercise reasonable diligence" in investigating and preserving their ERISA benefits. *Id.* at 522. Based on the evidence before us, the District Court properly determined that Fiorentino failed to exercise reasonable diligence in the face of the Pension Plan's clear repudiation of her rights. Once she learned she was not considered eligible for benefits—a fact she discovered no later than 1998—she complained at her yearly meetings to Mercadante. Each year he informed her that she was not a Plan participant. He continued to inform her of this after he also became a fiduciary of the Pension Plan, which occurred in June of 2006 at the latest. In addition, Fiorentino knew at least in 1998 that the Health Fund was not making contributions to the Pension Plan on her behalf. Moreover, she never received any contribution statements from the Pension Fund, while she received annual statements from the two union benefit funds in which she was enrolled—the Annuity Fund and the International Fund.

Because Mercadante's repudiation as a fiduciary was clear and made known to Fiorentino at the latest on December 31, 2007, her claim began to accrue no later than that date, and she lost her right to bring the claim six years later on December 31, 2013. Because she did not file the current suit until March 23, 2015, her claim for benefits is untimely.

In the second count of her complaint, Fiorentino alleges that the plan administrator breached his fiduciary duty under 29 U.S.C. § 1104(a)(1) by failing to collect contributions from the Health Fund on her behalf, failing to allow her to make a claim for benefits under the Pension Plan, and failing to provide her with benefits under the Plan.

Under ERISA, the statute of limitations for breach of a fiduciary duty is the earlier of:

(1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or

(2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation.

29 U.S.C. § 1113(2). "By its terms then, ERISA's statute of limitations provision offers a choice of periods, depending on 'whether the plaintiff has actual knowledge of the breach[.]'" *Cetel v. Kirwan Fin. Grp., Inc.*, 460 F.3d 494, 511 (3d Cir. 2006) (citation and internal quotation marks omitted).

■ A finding of actual knowledge requires proof of "knowledge of all relevant facts at least sufficient to give the plaintiff knowledge that a fiduciary duty has been breached or ERISA provision violated." *Id.* (citation and internal quotation marks omitted). Our review of the record affirms the District Court's conclusion that Fiorentino had actual knowledge of the alleged breaches—failure to collect contributions from the Health Fund, failure to allow her to make a claim for benefits under the Pension Plan, and failure to provide her with benefits under it—by the date of the clear repudiation. *See Kurz v. Philadelphia Elec. Co.*, 96 F.3d 1544, 1551 (3d Cir. 1996) (holding that "all the material elements of a breach of fiduciary duty claim were patently obvious" where defendant

"openly announced that certain employees would receive better benefits, and others would not"). Because Fiorentino had actual knowledge of the alleged breach on December 31, 2007, at the latest, then, per 28 § U.S.C. 1113(2), December 31, 2010 would be the latest possible date to pursue her claim. Waiting to file suit until 2015 thus falls outside the permissible statutory range, and it too is untimely.

■ Nor do we find that Fiorentino's case merits equitable tolling of these time-limits. A beneficiary can make out a claim for equitable relief based on a theory of equitable estoppel. "To succeed [ ], an ERISA plaintiff must establish (1) a material representation, (2) reasonable and detrimental reliance upon the representation, and (3) extraordinary circumstances." *Pell v. E.I. DuPont de Nemours & Co. Inc.*, 539 F.3d 292, 300 (3d Cir. 2008) (citations and internal quotation marks omitted). We agree with the District Court that there is nothing in the record to indicate extraordinary circumstances that prevented Fiorentino from bringing her claim within the applicable statutory period. The record establishes that she was aware in 1998 that neither the Health Fund nor the Pension Plan considered her a participant in the latter. Minimal diligence would have alerted her to a possible cause of action such that she could have pursued a claim in a timely manner. Instead, she took no action to request the Plan to compel her employer, the Health Fund, to make contributions on her behalf, and thus her case does not merit equitable tolling.

\* \* \* \* \*

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

We affirm in all respects the judgment of the District Court.